UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kim M. Lundberg,

Court File No.: CIV 01-2286 DWF/SRN

Plaintiff,

vs.

**STIPULATION TO AMEND SCHEDULING ORDER**

Burlington Northern Santa Fe Railway Company, a corporation,

Defendant.

---

The parties, by and through their attorneys hereby stipulate and agree to submission of the following motion for extension of the scheduling order deadlines in this matter.

The parties hereby jointly move the Court to extend the Scheduling Order deadlines in the above-entitled matter as follows:

| | |
|---|---|
| Discovery Deadline | January 31, 2003 |
| Non-Dispositive Motions -- Served and Filed | February 5, 2003 |
| Dispositive Motions – Served and Filed | March 28, 2003 |
| Case Ready for Trial | June 1, 2003 |

The parties stipulate and agree that formal motions and/or further hearing on this matter is waived. The Court may enter an Order extending the Scheduling Order deadlines without further proceedings.

SPENCE, RICKE, SWEENEy AND GERNES, P.A.

Dated: 1/8/03

Scott H. Rauser

Rodney Honkanen, #46929
Scott H. Rauser, #250752
325 Cedar Street, Suite 600
St. Paul, MN 55101
(651) 223-8000
Attorneys for Defendants

JAN 0 8 2003
FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

126521-1

HUNEGS, STONE, LeNEAVE, KVAS & THORNTON, P.A.

Dated: 1/8/03

Cortney S. LeNeave, MN ID 18424X
Richard L. Carlson, MN ID 210043
1650 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
(612) 339-4511

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kim M. Lundberg,

Court File No.: CIV 01-2286 DWF/SRN

Plaintiff,

vs.

Burlington Northern Santa Fe Railway Company, a corporation,

Defendant.

**ORDER TO AMEND SCHEDULING ORDER**

---

Based upon the foregoing Stipulation and agreement, it is hereby Ordered that the scheduling order deadlines in the above-entitled matter are extended as follows:

| | |
|---|---|
| Discovery Deadline | January 31, 2003 |
| Non-Dispositive Motion – Filed and Served | February 5, 2003 |
| Dispositive Motion – Filed and Served | March 28, 2003 |
| Case Ready for Trial | June 1, 2003 |

BY THE COURT:

Dated: January 8, 2003

Susan Richard Nelson

The Honorable Susan Richard Nelson
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.